O/8



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. L. Crosier
County Attorney
Johnson County
Cleburne, Texas

Dear Sir:

Opinion No. C-2995
Re: Would fees of tax collectors collected during the period after the last amendment of Article 7331, V.A.C.S. went into effect and prior to the taking effect of the officers' salary law be accountable as regular fees of office or would they be retained by the tax collector over and above the maximum allowed as fees?

Your recent request for an opinion of this department upon the above stated question has been received.

We quote from your letter as follows:

"I have been requested by an ex-tax collector of Johnson County to write you in regard to the construction of Article 7331, Vernon's Annotated Civil Statutes, Acts 41st Legislature, 4th Called Session, Chapter 20, Paragraph 8. The pertinent portion of this article is that which provides that the tax collector shall be entitled to a fee of One ($1.00) Dollar for each correct assessment of land to be sold. The inquiry as to whether or not the tax collector for the years since the passage of the last amendment to this article and prior to the taking effect of the Officer's Salary Law is entitled to retain the One ($1.00) Dollar fee over and above

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable R. L. Crosier, Page 2

the maximum allowed him by law as fees of office, or whether the One ($1.00) Dollar fee would be included as regular fees and therefore under the Maximum Fee Law. It will be noted that the last amendment to this article omitted a provision theretofore in the law that the fee should be additional and cumulative of all other fees and not accounted for as fees of office.

You are respectfully referred to the case of Cameron County vs. Fox, 42 S.W. 653 for construction of the statute before the amendment. I find no case which has construed it since the last amendment.

"I shall appreciate very much your opinion in regard to whether or not fees collected during the period after the last amendment went into effect and prior to the taking effect of the Officer's Salary Law would be accountable for as regular fees of office or whether it would be retained by the tax collector over and above the maximum allowed as fees."

Article 7331, Vernon's Annotated Civil Statutes, reads as follows:

"For calculating and preparing redemption certificates and receipts, reporting and crediting redemptions, posting Comptroller's redemption numbers on the delinquent tax record or annual delinquent list, mailing certificates of redemption to taxpayers after approval by the Comptroller, and for issuing receipts or certificates of redemption for property shown on the annual delinquent list, the tax collector shall be entitled to a fee of one dollar ($1.00) for each correct assessment of land to be sold, said fee to be taxed as costs against the delinquent. Correct assessment as herein used means the inventory of all properties owned by an individual for any one year. Provided, that in no case shall the State or county be liable for said fee. For checking up and taking off delinquency, separating and assorting various tracts or each

Honorable R. L. Crosier, Page 3

assessment, prorating the taxes thereon, arranging the items by abstract number or lot and block numbers, and compiling the delinquent tax record herein required to be compiled whenever there shall be as many as two years of back taxes that have not been included in the delinquent record, the tax collector shall be paid out of the general fund of the county, five cents for each written line of the original of such delinquent record, not to exceed twenty-five cents for any one tract or abstract rendered, returned delinquent and owned by one taxpayer; such fee to be taxed as costs, and to be paid back into the general fund of the county when collected. For the collection of delinquent taxes on real estate and for performing all duties relating to such taxes for which no compensation is otherwise provided, the tax collector shall receive five per cent of all delinquent taxes collected by him."

Article 7691, Revised Statutes, 1911, provided that:

"The collector of taxes, for preparing the delinquent list and separating the property previously sold to the State from that reported to be sold as delinquent for the preceding year, and certifying the same to the commissioner's court, shall be entitled to a fee of one dollar ($1.00) for each correct assessment of the land to be sold, said fee to be taxed as costs against the defendant. * * *. Provided, that in no case shall the State or county be liable for such fees, but in each case they shall be taxed as costs against the land to be sold under judgment for taxes and paid out of the proceeds of sale of same after the taxes, penalty and interest due thereon to the State are paid."

It has been definitely decided that in counties operating under the Maximum Fee Bill, the tax collectors' fee of One Dollar ($1.00) provided for in the above mentioned article, Article 7691, was required to be accounted for, and

Honorable R. L. Crosier, Page 4

therefore could not be retained by the collector. (Bitter v. Bexar County, 11 S. W. (2d) 163; Turner v. Barnes, 19 S. W. (2d) 325; Id. 27 S. W. (2d) 532; Cameron County v. Fox 32 S. W. (2d) 653; Id. 61 S. W. (2d) 483; 64 S. W. (2d) 140).

The above mentioned provision of Article 7691 remained in force until the year 1923, when it was amended and became Article 7331, Revised Statutes, 1925, under which the collector was not required to account for, but could retain said fees, in addition to all other compensation accorded him by law.

Article 7331 was amended by the 41st Legislature, 4th Called Session, page 30, ch. 20, para. 8, and this Act became effective January 1, 1931. It will be noted that the statute as amended omitted the provision providing that the fee above mentioned should be additional and cumulative of all other fees and not accounted for as fees of office.

For the purposes of this opinion, we are considering only the fees provided in Article 7331 from January 1, 1931 to January 1, 1936, the effective date of the Officers' Salary Law.

Considering Article 7331 together with Articles 3891, 3896 and 3897, it appears that the terms of the statutes are inclusive to the extent that in order for fees to be exempted thereunder, they must be specifically excluded. (See the case of Nichols v. Galveston County, 229 S. W. 547.)

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this department that fees earned and collected by tax collectors under Article 7331 during the period from January 1, 1931 to January 1, 1936 should be accounted for as regular fees of office and could not be retained by the tax collectors over and above the maximum fees as allowed by law.

Trusting that the foregoing fully answers your inquiry, we are

APPROVED JAN 15, 1941

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

AW:RS

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant